■ BRIAN E. WEISS, Appellant, v CONNECTICUT MUTUAL INSURANCE COMPANY, Respondent. [731 NYS2d 713] —Order,

Supreme Court, New York County (Paula Omansky, J.), entered September 12, 2000, which, in an action on a disability policy, insofar as appealed from, partially granted defendant insurer's motion to dismiss the complaint on the ground of spoliation of evidence, unanimously affirmed, with costs.

The portion of plaintiff's total disability claim commencing on the date of defendant's demand for plaintiff's appointment books was properly dismissed in view of plaintiff's continued disposal of his appointment books after defendant had demanded them. Under the circumstances, questions as to the extent of the prejudice caused defendant by the disposal of the appointment records should be resolved in defendant's favor. As the motion court put it, once defendant specifically requested plaintiff's appointment books, plaintiff discarded them "at his peril." In any event, the record on appeal is sufficient to show that the daily pages of the appointment books are the only record maintained by plaintiff's office that reflects his schedule. As the motion court found, "[t]he patient charts referred to by plaintiff shed little light on [that] question" (see, Kirkland v New York City Hous. Auth., 236 AD2d 170, 173-174). Plaintiff's assertion that two prior claims he filed with defendant under the same policies were paid in full without his being required to produce the daily pages of his appointment books is unavailing since, in this instance, defendant gave plaintiff notice of its need for the appointment books. Concur—Williams, J. P., Andrias, Wallach, Lerner and Marlow, JJ.